# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON WARREN LARSON, CDCR #AD-2009<br><br>                              Plaintiff,<br><br>vs.<br><br>WARDEN D. PARAMO; CMO WALKER; DR. J. CHAU; DR. NEWTON; DR. S. ROBERTS; R.N. GIL; R.N. T. PAULE; R.N. WINZEL; DR. KRISTEN DEAN,<br><br>                              Defendants. | 15-CV-308 BTM (BGS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>[ECF No. 21.] |

On July 2, 2015, Plaintiff Jon Warren Larson, a prisoner proceeding *pro se* and *In Forma Pauperis* ("IFP") in this civil rights action, filed a motion to appoint counsel. (ECF No. 21.) He requests appointment of counsel because: (1) he cannot afford to hire a lawyer; (2) the case involves complex legal issues; (3) his access to the law library is limited; (4) he is not sufficiently trained in legal matters and (5) lawyers that he has contacted have not responded. *Id.* at pp. 1-2.

"There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (*citing Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted). Federal courts do not have the

authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (*quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court denies Plaintiff's request, as neither the interests of justice nor exceptional circumstances warrant the appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017. Plaintiff has thus far been able to articulate his claims, as the Court found that Plaintiff's complaint contains allegations sufficient to survive the sua sponte screening required by 28 U.S.C. §§1915(e)(2) and 1915A(b).  (*See* ECF No. 3 .) Moreover, it does not appear that  the legal issues involved are so complex that counsel is warranted at this stage of the proceedings.  *See Wilborn v. Escalderon*, 789 F.3d 1328, 1331 (9th Cir. 1986) (noting that, "If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need

///
///
///
///
///

1 | for development of further facts, practically all cases would involve complex legal
2 | issues.").
3 | **IT IS SO ORDERED.**
4 | DATED: July 7, 2015

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court