# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON WARREN LARSON, CDCR #AD-2009<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN D. PARAMO; CMO WALKER; DR. J. CHAU; DR. NEWTON; DR. S. ROBERTS; R.N. GIL; R.N. T. PAULE; R.N. WINZEL; DR. KRISTEN DEAN,<br><br>Defendants. | 15-CV-308 BTM (BGS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE**<br><br>[ECF No. 42.] |

On October 14, 2015, Plaintiff Jon Warren Larson, a prisoner proceeding *pro se* and *In Forma Pauperis* ("IFP") in this civil rights action, filed his third motion to appoint counsel. [*See* ECF Nos. 42, 36 and 22.] He requests appointment of counsel on the following grounds: (1) the complexity of the case based on its underlying medical subject matter; (2) Plaintiff's inability to investigate due to his incarceration in punitive segregation; (3) the likelihood of conflicting testimony between witnesses; (4) his indigence and lack of legal training; (5) the "legal complexity" of the case owing to the number of defendants named in the First Amended Complaint; and (6) the underlying merits of the case. [ECF No. 42 at 7:1 - 9:12.]

As the Court has advised Plaintiff on two prior occasions, "[t]here is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (*citing Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted). Federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts do have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (*quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Recently, on September 30, 2015, the Honorable Barry T. Moskowitz denied Plaintiff's second request for appointment of counsel. [ECF No. 36.] The Court has carefully reviewed Plaintiff's most recent motion for appointment of counsel and determined that the circumstances of this case have not changed in the brief amount of time between Plaintiff's last request and his present request to establish the exceptional circumstances needed to warrant the appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

The Court notes that Plaintiff has recently and successfully filed a First Amended Complaint, which was accepted by the Court on September 30, 2015.

[ECF No. 37.]  Defendants' response is not due until November 4, 2015. [ECF No. 43.]  Due to the early stage of these proceedings, with no response from Defendants on file, the Court cannot make a determination at this time on Plaintiff's likelihood of success on the merits of his claims in the First Amended Complaint. Nevertheless, review of the First Amended Complaint indicates that the issues of cruel and unusual punishment and deliberate indifference as presented therein are not particularly complex.  Because exceptional circumstances have not been shown at this point to warrant appointment of counsel, Plaintiff's motion for appointment of counsel is **DENIED without prejudice.**

    **IT IS SO ORDERED.**

DATED: October 20, 2015

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court