UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON WARREN LARSON,<br><br>                                    Plaintiff,<br><br>v.<br><br>WARDEN PARAMO; CMO DR.<br>WALKER; DR. J. CHAU; DR.<br>NEWTON; DR. ROBERTS; R.N. GIL;<br>R.N. T. PAULE; R.N. WINZEL; DR.<br>KRISTEN DEAN,<br><br>                                    Defendant. | Case No.:  3:15-cv-0308-BTM_BGS<br><br>**ORDER DENYING PLAINTIFF'S<br>MOTION FOR PRELIMINARY<br>INJUNCTION**<br><br>**[ECF No. 4]** |

Currently before the Court is Plaintiff's Motion for Motion for Preliminary Injunction. (ECF No. 62.)

**I.     Motion for Temporary Restraining Order and Preliminary Injunction**

Here, Plaintiff has filed a Motion for Preliminary Injunction.  In this Motion, Plaintiff claims that he is being transferred from the Richard J. Donovan Correctional Facility ("RJD") to another prison within the jurisdiction of the California Department of Corrections and Rehabilitation ("CDCR").  *See* Pl.'s Mot. at 1.  Plaintiff seeks an Order from this Court blocking this transfer because he claims the transfer will "prevent the Plaintiff from succeeding in this lawsuit by having proper access to all involved in this

case." *Id.* at 2.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc*., 555 U.S. 7, 129 S. Ct. 365, 374  (2008) (citation omitted).

In addition to this traditional test, the Ninth Circuit has also applied an "alternative standard," whereby injunctive relief may issue when Plaintiff demonstrates "either a combination of probable success on the merits and the possibility of irreparable injury" or that "serious questions are raised and the balance of hardships tips sharply in his favor." *Ranchers Cattleman Action Legal Fund United Stockgrowers of Am. v. United States Dept. of Ag.*, 415 F.3d 1078, 1092 (9th Cir. 2005) (citing *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005)).

Here, the Court finds that Plaintiff cannot demonstrate at this time that he will suffer an irreparable injury if he is transferred to another prison.  Aside from this motion, there is also a pending motion to dismiss for failing to state a claim filed by the Defendants.  Plaintiff contends that he needs "access to all of the witnesses" and "medical records" which will be difficult if he is transferred.  Pl.'s Mot. at 1.  Plaintiff is referring to conducting discovery which is premature at this stage of the proceedings.  If this action survives the motion to dismiss stage, Plaintiff would be entitled to conduct discovery but at this stage he needs to address the legal claims raised in Defendants'

pleading which can be done at any institution.[1]

In addition, Plaintiff does not have a constitutional right to be housed at a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 244-50 (1983).  While Plaintiff is suggesting that Defendants are transferring him to prevent him from pursuing this action, there is nothing in the record that plausibly supports the assertion that he would be unable to litigate his claims if he were transferred to a prison other than RJD.

Plaintiff has not shown any irreparable harm that would result from a transfer to another institution and thus, his request for injunctive relief in the form of preventing the CDCR from transferring him to another institution is not warranted at this time.

## II.    Conclusion and Order

Based on the foregoing, the Court hereby:

DENIES Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction (ECF No. 62) without prejudice.

IT IS SO ORDERED

Dated: January 20, 2016

_____
Hon. Barry Ted. Moskowitz
United States Chief District Judge

---

[1]   The Court has already granted Plaintiff an extension of time until January 29, 2016 to respond to Defendants' motion to dismiss.  (ECF No. 53.)  As of January 13, 2016, Plaintiff remains housed at RJD.  *See* http://inmatelocator.cdcr.ca.gov/Results.aspx  (website last visited January 13, 2016.)