# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON WARREN LARSON, CDCR #AD-2009<br><br>                 Plaintiff,<br><br>vs.<br><br><br>WARDEN D. PARAMO; CMO WALKER; DR. J. CHAU; DR. NEWTON; DR. S. ROBERTS; R.N. GIL; R.N. T. PAULE; R.N. WINZEL; DR. KRISTEN DEAN,<br><br>                 Defendants. | 15-CV-308 BTM (BGS)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR PROPERTY; [ECF No. 74]**<br><br>**AND**<br><br>**(2) GRANTING IN PART AND DENYING PART PLAINTIFF'S MOTION FOR TRANSCRIPTS [ECF No. 80.]** |

On May 18, 2016, Plaintiff Jon Warren Larson, a prisoner proceeding *pro se* and *In Forma Pauperis* ("IFP") in this civil rights action, filed: (1) a motion stating that due to his transfer from the Richard J. Donovan Correctional Facility to Salinas Valley State Prison, he has not yet received his property, and requests an order instructing the warden at Donovan to send his property to his new location [ECF No. 74]; and (2) a motion requesting a copy of every docket entry in this case because he has not yet received his property following the prison transfer. [ECF No. 80.]

With respect to Plaintiff's motion requesting an order instructing a transfer of his property, the request is **DENIED WITHOUT PREJUDICE**. Absent unusual and compelling circumstances not present here, federal courts generally are

1  discouraged from interfering with day-to-day prison administration decisions such as
2  the timing of property transfers between prisons. *See Turner v. Safley*, 482 U.S. 78,
3  84-86, 107 S. Ct. 2254, 96 L.Ed.2d 64 (1987); *Wright v. Rushen*, 642 F.2d 1129,
4  1132 (9th Cir. 1981) (courts should avoid enmeshing themselves in the minutiae of
5  prison operations).  There is no information in Plaintiff's motion to indicate that the
6  property will not be transferred to him in due course.

7  As for Plaintiff's motion for a copy of all the documents on the Court's docket
8  in this case, unless there is a plausible allegation of a violation of his right to access
9  to the courts, *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02 & n.8 (9th Cir. 2011),
10 "numerous courts have rejected any constitutional right to free and unlimited
11 photocopying." *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1990), *overrruled on
12 other grounds by Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see also Jones v.
13 Franzen*, 697 F.2d 801, 803 (7th Cir. 1983) ("[B]road as the constitutional concept
14 of liberty is, it does not include the right to xerox."); *Wanninger v. Davenport*, 697
15 F.2d 992, 994 (11th Cir. 1983); *Johnson v. Parke*, 642 F.2d 377, 380 (10th Cir.
16 1981); *Harrell v. Keohane*, 621 F.2d 1059, 1060-61 (10th Cir. 1980); *Reynolds v.
17 Wagner*, 128 F.3d 166, 183 (3d Cir. 1997) ("[T]here is no First Amendment right to
18 subsidized [legal] mail or photocopying.").

19 Plaintiff's *in forma pauperis* status does not require the court to front the costs
20 of elective civil litigation, other than to permit the commencement of his suit without
21 full prepayment of filing fees and to authorize the service of process.  *See Hadsell v.
22 Comm'r Internal Revenue Service*, 107 F.3d 750, 752 (9th Cir. 1997); *Dixon v. Ylst*,
23 990 F.2d 478, 480 (9th Cir. 1993) (28 U.S.C. § 1915 does not waive payment of fees
24 or expenses for witnesses); *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989)
25 (per curiam); *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993) (court is not
26 authorized "to commit federal monies for payment of necessary expenses in a civil
27 suit brought by an indigent litigant.").

28 Moreover, the Court notes that there are no upcoming deadlines in this case

due to the pending motion to dismiss. **Nevertheless, in an abundance of caution, the Court shall direct the Clerk of Court to provide Plaintiff with a copy of his First Amended Complaint, including all exhibits [ECF No. 37]; and a copy of Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. [ECF No. 45.]**

**IT IS SO ORDERED.**

DATED: May 23 2016

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court