UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON WARREN LARSON,<br><br>                                Plaintiff,<br>v.<br>WARDEN D. PARAMO, ET AL.,<br>                                Defendant. | Case No.: 3:15-cv-00308-BTM-BGS<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR APPOINTMENT OF COUNSEL; and**<br><br>**(2) GRANTING EXTENSION OF TIME TO FILE THIRD AMENDED COMPLAINT** |

Currently before the Court is Plaintiff's third motion for appointment of counsel and his second motion for extension of time to file his Third Amended Complaint ("TAC"). (ECF Nos. 103, 105.)

**I.    Motion for Appointment of Counsel**

Plaintiff requests that the Court appoint him counsel in this matter. (ECF No. 105.) Plaintiff claims he is unable to "afford counsel," the issues in this matter are "complex," and he has no access to the prison's law library. (*Id.* at 1.)

However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). While under 28 U.S.C. § 1915(e)(1), district courts have some limited discretion to "request" that an attorney represent an

indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion is rarely exercised and only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103, quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Applying these factors to Plaintiff's case, the Court **DENIES** his Request to Appoint Counsel because a liberal construction of his pleadings shows he is capable of articulating the factual basis for his claims. All documents filed by pro se litigants are construed liberally, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, FED. R. CIV. P. 8(e) requires that "[p]leadings . . . be construed so as to do justice."

The pleadings filed by Plaintiff to date demonstrate that while Plaintiff may not be trained in law, he is capable of legibly articulating the facts and circumstances relevant to his claims, which are typical, straightforward, and not legally "complex." *Agyeman,* 390 F.3d at 1103. Therefore, neither the interests of justice nor any exceptional circumstances warrant the appointment of counsel in this case at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## II. Motion for Extension of Time

On October 18, 2017, the Court had previously granted Plaintiff's request for an extension of time to file his TAC and permitted him leave to file his TAC by December 1, 2017. (ECF No. 101.) Before that time had passed, Plaintiff filed this second request for an extension of time. In this current request, Plaintiff seeks an additional one hundred twenty (120) days to file his TAC. (ECF No. 103 at 1.) Plaintiff also claims he has been denied access to the prison law library. (*Id.*)

///

Plaintiff does not need access to the prison law library to respond to the Court's previous Orders. Plaintiff must overcome the problems with his pleadings by alleging specific and relevant factual allegations to support each claim he is making in this action.

**III. Conclusion and Order**

(1) Plaintiff's Motion to Appoint Counsel (ECF No. 105) is DENIED without prejudice.

(2) Plaintiff's Motion for Extension of Time (ECF No. 103) is GRANTED. The Court will grant Plaintiff one final extension to file his TAC in this matter. Plaintiff is granted **sixty (60)** days leave to file a TAC from the date this Order is filed. Plaintiff's TAC must cure all the problems with his previous pleadings identified in the Court's September 13, 2017 Order.

The Court will perform the required sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2). If Plaintiff fails to file an amended pleading within sixty (60) days, this entire action will be dismissed for the reasons set forth in the Court's September 13, 2017 Order and for failing to comply with a Court Order.

No further extensions of time will be granted.

IT IS SO ORDERED.

Dated: December 4, 2017

Hon. Barry Ted. Moskowitz, Chief Judge
United States District Court