UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| JON WARREN LARSON,<br><br>                                   Plaintiff,<br><br>v.<br><br>D. PARAMO; DR. WALKER; DR. J. CHAU; DR. NEWTON; DR. S. ROBERTS; R.N. GIL; R.N. T. PAULE; R.N. WINZEL; DR. KRISTEN DEAN,<br><br>                                   Defendant. | Case No.: 3:15-cv-0308-BTM-BGS<br><br>**ORDER DISMISSING PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) & § 1915A** |
|---|---|

Jon Warren Larson ("Plaintiff"), a prisoner currently incarcerated at Kern Valley State Prison ("KVSP"), is proceeding in pro se in this civil action, which he commenced with a Complaint filed on February 12, 2015, pursuant to 42 U.S.C. § 1983. See Compl. (ECF Doc. No. 1).

**I.    Procedural History**

On April 22, 2015, the Court granted Plaintiff leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and found that Plaintiff's Complaint contained plausible claims for relief which were sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). See Apr. 22,

2015 Order (ECF Doc. No. 3.); see also Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012). U.S. Marshal was directed to effect service of Plaintiff's Complaint on his behalf pursuant to 28 U.S.C. § 1915(d) and Fed.R.Civ.P. 4(c)(3).

Plaintiff was later granted leave to file a First Amended Complaint ("FAC"). See FAC (ECF Doc. No. 37.) On October 26, 2015, Defendants filed a Motion to Dismiss Plaintiff's FAC pursuant to Fed.R.Civ.P. 12(b)(6). (ECF Doc. No. 45.) After being granted an extension of time, Plaintiff filed his Opposition to Defendants' Motion and Defendants filed a Reply. (ECF Doc. Nos. 65, 66.)

The Court GRANTED Defendants' Motion to Dismiss Plaintiff's FAC. (ECF Doc. No. 83.) Plaintiff was granted leave to file an amended pleading. (Id.) Plaintiff filed his Second Amended Complaint ("SAC") on February 10, 2017. (ECF Doc. No. 92.) Defendants filed a Motion to Dismiss Plaintiff's SAC pursuant to Fed.R.Civ.P. 12(b)(6). (ECF Doc. No. 93.)

On September 13, 2017, the Court again GRANTED Defendants' Motion to Dismiss Plaintiff's SAC. (ECF Doc. No. 98.) Plaintiff was granted leave to file an amended pleading. (Id. at 16.) Plaintiff was specifically cautioned that if he failed to correct the deficiencies of pleading identified in the Court's Order, "his case will be dismissed without further leave to amend." (Id. at 16-17.)

Plaintiff filed a request for extension of time to comply with the Court's Order on September 26, 2017. (ECF Doc. No. 100.) In this request, Plaintiff claimed that he did not have access to KVSP's law library and he needed time to "find 28 lined paper to write motions and time to hand write 3 copies of all [he] has to file." (Id. at 1-2.) The Court GRANTED Plaintiff's request and informed him that he had until December 1, 2017 to file his amended pleading. (ECF Doc. No. 101 at 2.) Plaintiff was again cautioned that "no further extensions of time will be granted absent extraordinary circumstances." (Id. at 2.)

///

However, instead of filing his amended pleading, Plaintiff sought a second extension of time on November 27, 2017. (ECF Doc. No. 103.) This request was nearly identical to the request he had previously filed on September 26, 2017. Two days later, on November 29, 2017, Plaintiff filed a "Motion for the Appointment of Counsel." (ECF Doc. No. 105.)

On December 4, 2017, the Court DENIED Plaintiff's motion for appointment of counsel but GRANTED him one final extension of time to file his amended pleading. (ECF Doc. No. 106.) Specifically, Plaintiff was granted until February 4, 2018 to file his Third Amended Complaint ("TAC"). (Id. at 3.) Plaintiff was informed by this Court that he "does not need access to the prison law library to respond to the Court's Orders." Instead, the Court informed Plaintiff that he "must overcome the problems with his pleadings by alleging specific and relevant factual allegations to support each claim he is making in this action." (Id.) Plaintiff was informed that the Court would conduct a sua sponte screening of his TAC, if he filed one, pursuant to 28 U.S.C. § 1915(e)(2). (Id.)

On January 5, 2018, Plaintiff filed a document entitled "Motion of 3rd Amended Complaint, Eighth Amendment violation" which the Court has liberally construed as his TAC. (ECF Doc. No. 108.) In this document, Plaintiff contends, for the first time, that the California Department of Corrections and Rehabilitation ("CDCR") have "lost all his documents on an 8th Amendment violation." (Id. at 1.) Plaintiff did not make such a claim in any of his previous motions seeking extensions of time to file his TAC. Regardless, the Court informed Plaintiff that he needed to set forth specific factual allegations supporting his Eighth Amendment claim. Plaintiff does not address what specific documents that are purportedly missing that he needs to make these factual allegations.

///
///
///

3

## II. Plaintiff's Allegations[1]

Plaintiff alleges "all Defendants violated his 8th Amendment" rights by "performing surgery at CDCR Richard J. Donovan San Diego." (TAC at 1.) Plaintiff contends that the Richard J. Donovan Correctional Facility "RJDCF") lost its "license" to perform "any type of surgery on a human body." (Id.) Plaintiff claims he "lost mass amounts of blood." (Id.) Plaintiff also alleges that he "went to prison medical squirting blood from the procedure" performed by the Defendants. (Id. at 1-2.) Plaintiff claims Defendants violated his Eighth Amendment rights by "doing nothing legally or going to supervisors, or stopping the arterial bleeding he suffered for a week." (Id.)

Plaintiff alleges "Dr. P. Newton violated CDCR [policies]" when she performed an "illegal procedure" removing a wart from Plaintiff's leg. (Id. at 4.) In addition, Plaintiff claims Defendant Gil "failed to properly report the amount of blood" that Plaintiff purportedly lost. (Id.) Finally, Plaintiff alleges Defendant T. Paule "failed to properly report the arterial bleeding on numerous occasions and allowed Plaintiff to lose blood in mass amounts." (Id.)

## III. Sua sponte screening pursuant to 28 U.S.C. § 1915(e) & § 1915A

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his TAC requires a screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. See Williams v. King, __ F.3d __, 2017 WL 5180205, at *2 (9th Cir. Nov. 9, 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010)

---

[1] Unlike Plaintiff's previous pleadings, Plaintiff's TAC contains very few factual allegations.

(discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" Nordstrom v. Ryan, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 681 (7th Cir. 2012)). A complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); see also Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. Id.; see also Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

B. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of

5

substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1138 (9th Cir. 2012).

### C. Personal causation

As an initial matter, the Court finds Plaintiff's TAC requires sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(1) and § 1915A(b)(1) to the extent it seeks relief under § 1983 against Defendants Paramo, Walker, Chau, Roberts, Winzel, Dean, and Wenzel. "To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." Campbell v. Washington Dep't of Soc. Servs., 671 F.3d 837, 842 n.5 (9th Cir. 2011), citing Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987). The TAC contains no factual allegations describing what Defendants Paramo, Walker, Chau, Roberts, Winzel, Dean, and Wenzel did, or failed to do. To the extent Plaintiff seeks to hold them liable for the actions of their subordinates, there is no respondeat superior liability under 42 U.S.C. § 1983. Palmer v. Sanderson, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Rather, "deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Connick v. Thompson, 563 U.S. 51, 62 (2011) ("A less stringent standard of fault for a failure-to-train claim 'would result in de facto respondeat superior liability on municipalities . . . .'"), quoting City of Canton, Ohio v. Harris, 489 U.S. 378, 392 (1989).

"The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988),

citing Rizzo v. Goode, 423 U.S. 362, 370-71 (1976); Berg v. Kincheloe, 794 F.2d 457, 460 (9th Cir. 1986); Estate of Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.") A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff has not stated a claim against Defendants Paramo, Walker, Chau, Roberts, Winzel, Dean, and Wenzel because he has failed to allege facts regarding what actions were taken or not taken by these Defendants which caused the alleged constitutional violations. See Canton, 489 U.S. at 385 ("*Respondeat* superior and vicarious liability will not attach under § 1983."), citing Monell, 436 U.S. at 694-95.

### D. Eighth Amendment claims

Where an inmate's claim is one of inadequate medical care, the inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997). By establishing the existence of a serious medical need, an inmate satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with a prescribed course of medical treatment, or it may be shown by the way in which prison medical officials provide necessary care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that an inmate's civil rights have been abridged with regard to medical care, however, "the

7

1  indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,'
2  or 'medical malpractice' will not support this cause of action." Broughton v. Cutter
3  Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). See
4  also Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

Plaintiff's Complaint, FAC, and SAC all contained detailed factual allegations which included specific facts relating to Plaintiff's purported serious medical need and the allegations by Plaintiff as to how Defendants responded to his requests for medical treatment. (See ECF Doc. Nos. 1, 37, 92.) However, the Court found these factual allegations insufficient to state an Eighth Amendment claim. (See ECF Doc. Nos. 83, 98.) Currently before the Court is Plaintiff's TAC which contains virtually no factual allegations. (ECF Doc. No. 108.) Plaintiff failed to heed any of the Court's previous Orders despite having received multiple extensions of time to comply with the Court's Orders.

Accordingly, for all the reasons set forth in the Court's July 19, 2016 and September 13, 2017 Orders, the Court finds that Plaintiff's TAC fails to state a claim upon which § 1983 relief may be granted.

**IV.  Conclusion and Order**

For the reasons explained, the Court:

(1)  **DISMISSES** Plaintiff's TAC for failure to state a claim upon which § 1983 relief can granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and § 1915A(b)(1).

(2)  **GRANTS** Plaintiff sixty (60) days leave in which to file an Amended Complaint that addresses the pleading deficiencies identified in this Order, as well as the Court's previous Orders. Plaintiff is cautioned, however, that should he choose to file an Amended Complaint, it must be complete by itself, comply with Federal Rule of Civil Procedure 8(a), and that any claim not re-alleged will be considered waived. See S.D. CAL. CIVLR 15.1; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); Lacey, 693

8
3:15-cv-0308-BTM-BGS

F.3d at 928 (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."). If Plaintiff fails to follow these instructions and/or files an Amended Complaint that still fails to state a claim, his case will be dismissed without further leave to amend. See <u>Lira v. Herrera</u>, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

(3) **DENIES** Defendants' Motion to Dismiss (ECF No. 109) as moot. If Plaintiff does file an amended pleading, the Court will conduct a sua sponte screening pursuant to 28 U.S.C. § 1915(e) and § 1915A. Defendants are directed to file their responsive pleading, if necessary, following the issuance of the Court's sua sponte screening order.

IT IS SO ORDERED.

Dated: March 5, 2018

Hon. Barry Ted Moskowitz
United States Chief District Judge