UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| JON WARREN LARSON,<br><br>                               Plaintiff,<br>v.<br><br>D. PARAMO; DR. WALKER; DR. J. CHAU; DR. NEWTON; DR. S. ROBERTS; R.N. GIL; R.N. T. PAULE; R.N. WINZEL; DR. KRISTEN DEAN,<br><br>                              Defendant. | Case No.: 3:15-cv-0308-BTM-BGS<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR ONE FINAL EXTENSION OF TIME TO FILE FOURTH AMENDED COMPLAINT** |
|---|---|

**I.    Procedural History**

On April 22, 2015, the Court granted Plaintiff leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and found that Plaintiff's Complaint contained plausible claims for relief which were sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). See Apr. 22, 2015 Order (ECF Doc. No. 3.); see also Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012). U.S. Marshal was directed to effect service of Plaintiff's Complaint on his behalf pursuant to 28 U.S.C. § 1915(d) and Fed.R.Civ.P. 4(c)(3).

Plaintiff was later granted leave to file a First Amended Complaint ("FAC"). See FAC (ECF Doc. No. 37.) On October 26, 2015, Defendants filed a Motion to Dismiss Plaintiff's FAC pursuant to Fed.R.Civ.P. 12(b)(6). (ECF Doc. No. 45.) After being granted an extension of time, Plaintiff filed his Opposition to Defendants' Motion and Defendants filed a Reply. (ECF Doc. Nos. 65, 66.)

The Court GRANTED Defendants' Motion to Dismiss Plaintiff's FAC. (ECF Doc. No. 83.) Plaintiff was granted leave to file an amended pleading. (Id.) Plaintiff filed his Second Amended Complaint ("SAC") on February 10, 2017. (ECF Doc. No. 92.) Defendants filed a Motion to Dismiss Plaintiff's SAC pursuant to Fed.R.Civ.P. 12(b)(6). (ECF Doc. No. 93.)

On September 13, 2017, the Court again GRANTED Defendants' Motion to Dismiss Plaintiff's SAC. (ECF Doc. No. 98.) Plaintiff was granted leave to file an amended pleading. (Id. at 16.) Plaintiff was specifically cautioned that if he failed to correct the deficiencies of pleading identified in the Court's Order, "his case will be dismissed without further leave to amend." (Id. at 16-17.)

Plaintiff filed a request for extension of time to comply with the Court's Order on September 26, 2017. (ECF Doc. No. 100.) In this request, Plaintiff claimed that he did not have access to KVSP's law library and he needed time to "find 28 lined paper to write motions and time to hand write 3 copies of all [he] has to file." (Id. at 1-2.) The Court GRANTED Plaintiff's request and informed him that he had until December 1, 2017 to file his amended pleading. (ECF Doc. No. 101 at 2.) Plaintiff was again cautioned that "no further extensions of time will be granted absent extraordinary circumstances." (Id. at 2.)

However, instead of filing his amended pleading, Plaintiff sought a second extension of time on November 27, 2017. (ECF Doc. No. 103.) This request was nearly identical to the request he had previously filed on September 26, 2017. Two days later, Plaintiff filed a "Motion for the Appointment of Counsel." (ECF Doc. No. 105.)

On December 4, 2017, the Court DENIED Plaintiff's motion for appointment of counsel but GRANTED him one final extension of time to file his amended pleading. (ECF Doc. No. 106.) Specifically, Plaintiff was granted until February 4, 2018 to file his Third Amended Complaint ("TAC"). (Id. at 3.) Plaintiff was informed by this Court that he "does not need access to the prison law library to respond to the Court's Orders." Instead, the Court informed Plaintiff that he "must overcome the problems with his pleadings by alleging specific and relevant factual allegations to support each claim he is making in this action." (Id.) Plaintiff was informed that the Court would conduct a sua sponte screening of his TAC, if he filed one, pursuant to 28 U.S.C. § 1915(e)(2). (Id.)

On January 5, 2018, Plaintiff filed a document entitled "Motion of 3rd Amended Complaint, Eighth Amendment violation" which the Court liberally construed as his TAC. (ECF Doc. No. 108.) In this document, Plaintiff contended, for the first time, that the California Department of Corrections and Rehabilitation ("CDCR") has "lost all his documents on an 8th Amendment violation." (Id. at 1.) Plaintiff did not make such a claim in any of his previous motions seeking extensions of time to file his TAC. Regardless, the Court informed Plaintiff that he needed to set forth specific factual allegations supporting his Eighth Amendment claim.

The Court sua sponte DISMISSED Plaintiff's TAC for failing to state a claim upon which relief could be granted on March 5, 2018. (ECF No. 110.) Plaintiff was given sixty (60) days leave to file a Fourth Amendment Complaint. (Id. at 8-9.) However, instead of filing an amended complaint, Plaintiff has filed an "informal letter." (ECF No. 112.)

/ / /
/ / /
/ / /

3
3:15-cv-0308-BTM-BGS

## II. Plaintiff's Letter Request

Plaintiff contends that the CDCR has "lost" all of his property and he has been in a "mental health hospital[1]" for attempting suicide six times in the last two months. (ECF No. 112.) Plaintiff also claims that he does not have access to "Federal Court Rules." (Id.) To the extent that Plaintiff seeks injunctive relief in the form of the Court directing the Deputy Attorney General assigned to this matter to instruct the Warden for California State Prison - Corcoran or the Warden for Kern Valley State Prison to locate Plaintiff's missing property, the Court must deny that request as the Court has no personal jurisdiction over those individuals. A federal district court may issue injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). Therefore, Plaintiff's request is DENIED.

However, the Court will GRANT Plaintiff one final extension of time to file his Fourth Amended Complaint. As the Court previously informed Plaintiff in responding to his previous requests for extensions of time, he does not need access to the prison law library or legal materials. Instead, Plaintiff must overcome the problems with his pleadings by alleging specific and relevant factual allegations to support each claim he is making in this action.

## III. Conclusion and Order

(1) Plaintiff's request for injunctive relief is DENIED.

---

[1] Plaintiff is currently housed at the California Health Care Facility - Stockton. See https://inmatelocator.cdcr.ca.gov/Results.aspx (website last visited June 1, 2018.)

(2) The Court sua sponte GRANTS Plaintiff one final extension of time and permits him **thirty (30)** days leave from the date this Order is filed to file a Fourth Amended Complaint. Plaintiff's amended pleading must cure all the problems with his previous pleadings as identified in the Court's September 13, 2017 and March 5, 2018 Orders. No further extensions of time will be granted in this matter.

(3) If Plaintiff files a Fourth Amended Complaint, the Court will performed the required sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2). If Plaintiff fails to file an amended pleading within thirty (30) days, this entire action will be dismissed for the reasons set forth in the Court's March 5, 2018 Order and for failing to comply with a Court Order.

(4) The Clerk of Court is directed to mail Plaintiff a copy of his Second Amended Complaint, Third Amended Complaint, the September 13, 2017 Order and the March 5, 2018 Order.

IT IS SO ORDERED.

Dated: July 16, 2018

Hon. Barry Ted Moskowitz
United States Chief District Judge